McKinney, J.,
delivered the opinion of the Court.
This: was ^an attachment bill, filed on the 16th of April, 1856. The complainant claims to- be- the creditor of defendant', Stephen Ward, who is a non-resident, and seeks satisfaction of his debt, of some seventy or eighty dollarSj out of a tract of land of about fifty acres, lying in Putnam county. It appears that said land was conveyed on the 25th of January, 1847, by one Say *325 lors to Joba D. Ward, (son of the defendant, Stephen,) who was then an infant of two or three years of age. The proof tends to establish that Stephen Ward paid for the land, and procured the conveyance to be made to his son. There are vague statements in the proof that Stephen Ward was indebted to several persons, beyond his ability to pay, at the time of the conveyance of the land to his son. These statements, however, go for nothing, as the proof fails to establish the existence of any particular debt at that time. The debts claimed to be due complainant, were not in existence until five years after the conveyance from Say-lors to John D. Ward, and were not contracted with complainant, but purchased up by him from others.
If the conveyance from Saylors to John D. Ward be placed upon the same footing of a voluntary conveyance made by the father directly to his son, it does not by any means follow, as has been assumed, that it is inoperative, by the statute of frauds, against subsequent creditors, merely because it was voluntary. The statute does not discountenance a voluntary conveyance to a child or relative, or even to a stranger, if it be not, at the time, prejudicial to the rights of any other person, or in execution of any mediated scheme of future fraud or injury to other persons. It is true, that although the party may not have been indebted at the time of making the voluntary gift or conveyance, still, if it was made with any design of fraud or collusion, or injury to other persons in future, it would be void. It is likewise true, that if the conveyance is intentionally made to defraud existing creditors, it will, in general, be held void as to subsequent creditors. *326 But if there be no existing creditors to be prejudiced by the conveyance, or if it appear to have been made bona fide, and under circumstances which clearly repel any presumption of fraudulent intention, it is difficult to perceive upon what sound principle a subsequent creditor can be let in to impeach the voluntary conveyance. As against existing creditors the principle is obviously just, that a voluntary settlement or conveyance will be presumed fraudulent. But as to subsequent creditors there is no such presumption, and fraud m fact must be established.
In the present case, notwithstanding the suspicions that may arise out of the transaction, there is not sufficient proof of indebtedness, or of intentional fraud, to entitle the complainant to relief.
Decree affirmed.